Filed 12/23/25  P. v. Estrada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW ESTRADA,<br><br>Defendant and Appellant. | C102227<br><br>(Super. Ct. No. STK-CR-FE-2013-0005846) |

Defendant Andrew Estrada appeals the trial court's denial of his resentencing petition under Penal Code section 1172.6[1] for failure to state a prima facie case.  Because the record of conviction before us does not conclusively establish that defendant is ineligible for resentencing as a matter of law, we reverse and remand the matter for an evidentiary hearing.

---

[1]    Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive changes.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 throughout this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2013, defendant was charged with murder (§ 187, subd. (a); count 1), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2), and short-barreled shotgun or rifle activity (§ 33215; count 3). As to the murder count, it was further alleged that defendant discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) and personally used a firearm (§ 12022.5, subd. (a)).

In September 2014, the information was amended to (1) charge defendant with voluntary manslaughter (§ 192, subd. (a)) instead of murder in count 1, and (2) add two counts of assault with a deadly weapon (§ 245; counts 4 & 5). As to count 1, an enhancement was added alleging defendant discharged a firearm from a vehicle causing great bodily injury or death. (§ 12022.55.)

That same day, defendant pled guilty to all counts and admitted the section 12022.5 and 12022.55 enhancements. Defendant's counsel stipulated there was a factual basis based on the grand jury transcript. The record on appeal does not include a copy of the grand jury transcript. As part of his plea, defendant agreed to an aggregate prison sentence of 34 years four months; the trial court sentenced him accordingly in November 2014.

In August 2023, defendant filed a form petition for resentencing under section 1172.6. The trial court subsequently appointed counsel.

In its May 2024 "informal response" to defendant's petition, the prosecution argued defendant's crime was a "planned and intentional shooting" resulting in the victim's death. Based on the grand jury transcript, the prosecution provided a detailed account of the shooting incident. The prosecution argued that defendant was the only person charged with the crimes, and he was not entitled to relief because he was the "actual and sole killer." The prosecution attached a copy of the indictment and asked the court to take judicial notice of the grand jury transcript.

Defendant filed a brief arguing he had adequately stated a prima facie case. Defendant argued it was improper to consider the grand jury transcript, and the prosecution's factual assertions "cannot be considered by the court at the prima facie stage." Given that there was nothing in the record of conviction that conclusively refuted his allegations, he was entitled to an evidentiary hearing.

The trial court denied defendant's petition during an October 2024 hearing. The court noted it had read and considered the petition, the parties' briefing, and the change of plea hearing transcript. The court stated it had neither "seen" nor "read" the grand jury transcript. Still, there was "nothing here" indicating that defendant was "not the actual killer, that his liability in this case derived in some other fashion." There was also no evidence that there was "another person involved," or that defendant "aided and abetted some other person." Moreover, defendant was the only person charged. Because defendant was the actual killer, the court found he still could be convicted of manslaughter. Defendant objected, arguing the court was engaging in impermissible factfinding. The court disagreed because it was "only" relying on the indictment, the parties' briefs, and the change of plea hearing transcript.

Defendant timely appealed.

## DISCUSSION

### A. *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) narrowed the scope of the felony-murder rule and eliminated the natural and probable consequences doctrine as a basis for murder liability. (Stats. 2018, ch. 1015, § 1.) (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature did so "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder, attempted murder, or manslaughter under a now-invalid theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) As courts have explained, "[i]n its current form, section 1172.6 applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony-murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

If the trial court finds that a petitioning defendant has made a prima facie showing of entitlement to relief, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) The prima facie inquiry under section 1172.6, subdivision (c), is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

As our Supreme Court recently clarified, at the prima facie stage, the record of conviction "includes a preliminary hearing transcript preceding a guilty plea." (*People v. Patton* (2025) 17 Cal.5th 549, 568.) A trial court does not engage in impermissible judicial factfinding and may rely on a preliminary hearing transcript where it is unchallenged and includes "relief-foreclosing facts" that "refute conclusory, checkbox allegations." (*Id.* at p. 564.)

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.) If it was correct to deny a

defendant's section 1172.6 petition at the prima facie review stage, we will affirm even if the trial court's reasoning was erroneous. (*People v. Eynon* (2021) 68 Cal.App.5th 967, 976.)

B. *Analysis*

Defendant contends the trial court erred in finding he was ineligible for relief because he was the actual killer. According to defendant, the only " 'facts' " before the trial court were the indictment, the change of plea hearing, and his petition for resentencing. However, nothing in these documents established as a matter of law that defendant was ineligible for resentencing. We agree.

Here, the original charging document alleged that defendant unlawfully murdered the victim, willfully and with malice aforethought, in violation of section 187, subdivision (a). It does not refer to another defendant, and the only other felonies at issue were related to unlawful firearm possession or activity. Still, the document is insufficient on its own to foreclose a theory of either felony murder or natural and probable consequences murder. (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 337-338 [because an accusatory pleading need not specify the manner in which a murder was committed, or the theory on which the prosecution will rely at trial, a complaint that only "generically charge[s]" attempted murder (or murder) is not enough to establish a § 1172.6 petitioner is ineligible for relief at the prima facie stage].)

As to defendant's guilty plea, defendant pled guilty to voluntary manslaughter. Manslaughter is "the unlawful killing of a human being without malice." (§ 192.) A defendant lacks malice and is guilty of voluntary manslaughter when he or she kills another, acting with either the intent to kill or a conscious disregard for life, but in unreasonable self-defense or in a sudden quarrel or heat of passion. (*People v. Blakeley* (2000) 23 Cal.4th 82, 87-91.) In pleading guilty to voluntary manslaughter, defendant admitted every element of voluntary manslaughter, but not to any particular theory, meaning it is possible that defendant could have been convicted under an imputed malice

5

theory.  (See *People v. Eynon, supra*, 68 Cal.App.5th at pp. 977-978; see also *People v. Gaillard, supra*, 99 Cal.App.5th at p. 1212 [generic plea of voluntary manslaughter following murder charge does not preclude a natural and probable consequences theory].)  Thus, defendant's guilty plea to voluntary manslaughter does not make him ineligible for relief under section 1172.6 as a matter of law.

In addition, as the People acknowledge, absent additional facts, defendant's admission of the two firearm enhancements does not establish he is ineligible for resentencing as a matter of law.  (See *People v. Estrada, supra*, 101 Cal.App.5th at p. 338 [admitting to personally using a deadly weapon does not preclude a theory of imputed malice]; *People v. Jones* (2003) 30 Cal.4th 1084, 1120 [a finding of personal use of a firearm "would not in itself prove [the] defendant was the actual killer"].)

The People also concede that a grand jury transcript is not admissible at the prima facie stage.  And even if we were to reject this concession and conclude that the trial court could have considered the grand jury transcript at the prima facie stage, it did not do so here, and there is no copy of it in our record.  As such, even though defendant filed a conclusory form petition, there is nothing in the record of conviction before us that refutes it.  We will remand the matter for an evidentiary hearing.  We express no opinion on the outcome of that hearing.

6

DISPOSITION

We reverse the trial court's order denying defendant's section 1172.6 petition.  On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivisions (c)-(d).

_____\\s\\_____,
Krause, J.

We concur:

_____\\s\\_____,
Robie, Acting P. J.

_____\\s\\_____,
Mauro, J.